# EXHIBIT C
# SALE ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| KIROMIC BIOPHARMA, INC., | Case No. 25-10552 (MFW) |
| Debtor. | **RE: Docket Item** _____ |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT PURSUANT TO**
**11 U.S.C. § 363 AND (B) GRANTING RELATED RELIEF**

Upon the *Trustee's Motion for Entry of Order (A) Approving Asset Purchase Agreement Pursuant to 11 U.S.C. § 363 and (B) Granting Related Relief* (the "Motion")[1] filed by Jeoffrey Burtch (the "Trustee"), the chapter 7 trustee in the bankruptcy case (the "Bankruptcy Case") of the above-captioned debtor (the "Debtor"), seeking entry of an order, pursuant to sections 105(a), 363, and 365 of the United States Bankruptcy Code (11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code")), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) authorizing and approving the sale of certain assets of the Debtor free and clear of all liens, claims, encumbrances, and interests pursuant to the terms of the Asset Purchase Agreement attached as **Exhibit "A"** to the Motion (the "APA); and (ii) granting related relief; and upon the record of this Bankruptcy Case; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate (the "Estate") and creditors, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon,

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

2

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such.

**Jurisdiction, Final Order, and Predicates for Relief**

C. The Court has jurisdiction to hear and decide the Motion, and exclusive *in rem* jurisdiction over property of the Estate, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory and procedural predicates for the relief requested in the Motion are §§ 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014, and Local Rules 2002-1, and 6004-1.

**Notice of the Motion and Hearing**

E. The disclosures made by the Trustee in the Motion regarding the proposed sale were and are adequate under the applicable Bankruptcy Rules and Local Rules.

F. It appearing from the certificate of service of the Motion that actual written notice of the Motion, Hearing, and the deadline for objections to the Motion have been afforded to all known interested persons and entities, including, but not limited to the following parties : (a) the Office of the United States Trustee; (b) counsel for Debtor; (c) Buyer; (d) counterparties to the Assigned Contracts/Leases; (e) all parties who filed proofs of claims in the Bankruptcy Case;

(f) any creditors identified in the Debtor's schedules; (g) all parties known to the Trustee to have expressed any interest in purchasing any assets of the Estate; and (h) all parties in interest who requested notice pursuant to Bankruptcy Rule 2002.

G. Notice of the Motion was proper, timely, adequate, and sufficient under the circumstances has been provided in accordance with §§ 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014 and no other or further notice is required.

**Satisfaction of Standards for Approval of Free and Clear Sale**

H. A sound business purpose justifies the sale of the Purchased Assets to Buyer by the Trustee outside of the ordinary course of business.

I. The consideration to be provided by Buyer pursuant to the APA: (i) is fair and reasonable; (ii) is the highest and best offer for the Purchased Assets; and (iii) constitutes reasonably equivalent value and fair consideration.

J. Consummation of the transactions contemplated in the APA will provide the highest and best value for the Purchased Assets, and is in the best interests of the Estate and creditors.

K. The decision to enter into the APA and consummate the transactions contemplated thereunder constitutes the exercise of the Trustee's sound business judgment, in compliance with his fiduciary duties.

L. The Trustee and Buyer have not engaged in any conduct that would permit the APA or any transaction contemplated thereunder to be avoided under § 363(n) of the Bankruptcy Code.

M. The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors within the meaning of applicable provisions of the Bankruptcy Code, the Uniform

Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, or any similar laws of any state or other jurisdiction whose law may be applicable to the contemplated transactions.

N. The consummation of the sale pursuant to the APA will be a legal, valid, and effective sale of the Purchased Assets and will vest Buyer with all right, title, and interest of the Estate in and to the Purchased Assets free and clear of all liens, encumbrances, liabilities, and other interests, (collectively, "Interests").

O. A sale of the Purchased Assets other than one free and clear of Interests would be of substantially less benefit to and would adversely affect the Estate.

P. With respect to any party asserting any Interest in the Purchased Assets, the sale complies with at least one of the requirements of § 363(f) of the Bankruptcy Code, and with respect to each Interest in the Purchased Assets: (a) applicable non-bankruptcy law permits the sale free and clear of such Interest; (b) the holder of such Interest consents to the Transaction; (c) such Interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the Purchased Assets; (d) such Interest is the subject of a bona fide dispute; or (e) the holder of such Interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest.

Q. Any party with any Interest in the Purchased Assets who did not object to the Motion and the relief requested therein, or who withdrew their objections to the Motion, is deemed to have consented to the sale pursuant to § 363(f)(2).

R. Buyer would not have entered into the APA and would not consummate the transactions contemplated thereunder if the transfer of the Purchased Assets by Buyer were not free and clear of Interests.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections and responses to the Motion, if any, are hereby resolved in accordance with the terms of this Order. To the extent such objections or responses were not otherwise overruled, withdrawn, waived, settled, or resolved, they, and all reservations of rights included therein, are hereby overruled and denied.

3. The APA and all transactions contemplated thereunder, including, without limitation, any releases of claims against the Trustee and the Estate and agreements to indemnify the Trustee and the Estate, are approved in all respects pursuant to §§ 105(a), 363(b), and 365 of the Bankruptcy Code.

4. The Trustee is authorized to execute and perform his obligations under, and consummate the transactions contemplated by the APA and all other agreements and documents related to and contemplated thereby, and to take such other actions as are necessary or appropriate to effectuate such transactions.

5. Pursuant to § 363(f) of the Bankruptcy Code, the sale of the Purchased Assets shall be free and clear of all Interests, with any Interests attaching to the proceeds of sale. Upon the Closing, the Purchased Assets shall vest in Buyer free and clear of Interests to the maximum extent permitted by § 363(f) of the Bankruptcy Code; provided, however, the

6. The consideration provided by Buyer for the Purchased Assets under the APA is fair and reasonable, and the sale of the Purchased Assets shall not be subject to avoidance under § 363(n) of the Bankruptcy Code.

7. The Trustee is authorized to assume and assign each of the Assigned Contracts/Leases to Buyer free and clear of all liens, claims, interests and encumbrances pursuant to §§ 105(a) and 365 of the Bankruptcy Code and to execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the Assigned Contracts/Leases to Buyer. The payment of the applicable Cure Payments (if any), as fixed in the amounts set forth in the *Trustee's Notice of Executory Contracts and Unexpired Leases that may be Assigned and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Estate's Assets, and the Proposed Cure Amounts*, dated _____ [docket no. ___], and as may be further supplemented, or, if applicable, such other amount(s) upon which the Trustee and any of the Counterparties may have agreed, shall: (a) effect a cure of all defaults existing thereunder as of the closing; and (b) compensate for any actual pecuniary loss to such non-Debtor counterparty resulting from such default.

8. Pursuant to § 365(f) of the Bankruptcy Code, subject to the payment of the applicable Cure Payments, the Assigned Contracts/Leases to be assumed and assigned under the APA shall be assigned and transferred to, and remain in full force and effect for the benefit of, Buyer notwithstanding any provision in the contracts or other restrictions prohibiting their assignment or transfer. Any provisions in any Assigned Contract/Lease that prohibit or condition the assignment of such Assigned Contract or allow the counterparty to such Assigned Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect with the respect to the transactions authorized by this Order. All other requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Trustee and assignment to Buyer of the Assigned

Contracts/Leases have been satisfied, including that Buyer has provided adequate assurance of its future performance under the Assigned Contracts/Leases within the meaning of §§ 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

9. Upon the Closing, in accordance with §§ 363 and 365 of the Bankruptcy Code, Buyer shall be fully and irrevocably vested with all right, title, and interest of the Debtor under the Assigned Contracts/Leases, and such Assigned Contracts/Leases shall remain in full force and effect for the benefit of Buyer. Each non-Debtor counterparty to the Assigned Contracts/Leases shall be forever barred, estopped, and permanently enjoined from: (a) asserting against the Trustee, the Debtor, the Estate or Buyer or their respective property any assignment fee, acceleration, default, breach or Claim or pecuniary loss, or condition to assignment existing, arising or accruing as of the Closing or arising by reason of the Closing, including any breach related to or arising out of change-in-control provisions in such Assigned Contracts/Leases, or any purported written or oral modification to the Assigned Contracts/Leases and (b) asserting against Buyer (or its property, including the Purchased Assets) any Claim, counterclaim, defense, breach, condition, setoff asserted, or that can be asserted against the Debtor existing as of the Closing or arising by reason of the Closing except for the Assumed Liabilities.

10. Notwithstanding any other provisions in this Order, or the APA, in addition to the Cure Payments, Buyer assumes the obligations of the Debtor and/or Estate owed to non-Debtor counterparties to Assigned Contracts/Leases that have accrued or arisen under the Assigned Contracts/Leases before the Closing Date but that have not yet become due and/or defaults as of the Closing Date. Moreover, Buyer is purchasing and shall be entitled to enforce all rights and claims relating to or arising under the Assigned Contracts/Leases, and all setoffs and recoupment

rights of the non-Debtor counterparties to such Assigned Contracts/Leases are expressly preserved in connection therewith.

11. Upon the Closing and the payment of the relevant Cure Payments, if any, Buyer shall be deemed to be substituted for the Estate as a party to the applicable Assigned Contracts/Leases and the Estate shall be released, pursuant to § 365(k) of the Bankruptcy Code, from any liability under the Assigned Contracts/Leases. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to Buyer or the Estate as a result of the assumption and assignment of the Assigned Contracts/Leases. The failure of the Trustee or the Debtor to have previously enforced one or more terms or conditions of any Assigned Contract/Lease shall not be a waiver of such terms or conditions or of the right of Buyer to enforce every term and condition of such Assigned Contract/Lease. The validity of the assumption and assignment of any Assigned Contract/Lease to Buyer shall not be affected by any existing dispute between the Trustee or the Debtor and any counterparty to such Assigned Contract/Lease. Any party that may have had the right to consent to the assignment of any Assigned Contract/Lease is deemed to have consented for the purposes of § 365(e)(2)(A)(ii) of the Bankruptcy Code.

12. In the event of a conflict between this Order and the APA, this Order shall control.

13. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

14. The Trustee is transferring the Purchased Assets "as is and where is" and the Trustee makes no, and disclaims any, representation or warranty to Buyer or any other party with respect to the APA or any of the transactions contemplated by the APA, including, without limitation, the extent to which the Estate have any right or interest in any of the Purchased Assets,

any warranty of merchantability or fitness for a particular purpose, or any warranty or representation regarding any regulatory matters related to the APA or any transactions contemplated thereunder.

15. The Trustee shall have no liability for any actions taken by Buyer or any other party with respect to any transactions contemplated under the APA.

16. The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estate.

17. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is party or which has been assigned by the Trustee to Buyer, and to adjudicate, if necessary, any and all disputes or actions concerning or relating in any way to the sale.